THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT SWEET, Appellant.

County Court, Chautauqua County, October 21, 1927.

Motor vehicles — reckless driving in violation of Highway Law, § 287-b — defendant avoided red light by passing through private property at corner and reaching intersecting street — act did not constitute crime.

It is not a violation of section 287-b of the Highway Law for one who approaches a street intersection at which a red light is set against him, to turn to the right and pass over private property onto the intersecting street which by reason of the green light permits him to again turn onto the street on which he was originally traveling.

APPEAL from judgment of conviction of reckless driving in violation of section 287-b of the Highway Law (as added by Laws of 1924, chap. 360), had in Justice Court in the town of Ellicott, Chautauqua county, N. Y.

C. Rex Crosby, for the appellant.

John S. Leonard, Assistant District Attorney, for the respondent.

OTTAWAY, J.   This appeal is based merely upon the proposition that the finding of guilty is contrary to the weight of evidence and that the conviction was secured upon a misapprehension as to the law.   Such claims have required a careful study of the evidence presented.

It appeared upon the trial without dispute that Work street is a north and south street intersecting at right angles Main street, which is an east and west street in the village of Falconer, town of Ellicott, N. Y.; that a traffic light had recently been installed at this street intersection; that on the northwest corner of this street intersection is located a gasoline station with appropriate pumps and equipment, there being a sidewalk, however, between said station and pumps and North Work street and between said station and pumps and West Main street; that on the evening in question the defendant drove southerly on North Work street toward Main street; that as he approached Main street the traffic light which had previously been showing green changed to red, a signal for him to stop; that when this traffic light changed the defendant turned in across the sidewalk from North Work street and across the gasoline station property turning then southerly across the

sidewalk and driving onto West Main street where he again turned to the east; that being then in West Main street, the light not having changed and there showing green, he proceeded, swinging to the right or south onto South Work street; that he was observed by a traffic officer who stopped him and directed that he go back across Main street into North Work street and wait until the light changed, threatening the defendant with arrest unless he obeyed this instruction; that an altercation ensued between the officer and the defendant at the end of which defendant was placed under arrest charged with reckless driving and placed on trial. From the resulting conviction this appeal is taken.

In the argument of the appeal there has been some effort to sustain the conviction upon the proposition that the rate of speed at which defendant was proceeding was reckless and that his manner of driving was careless. Also that basis for the conviction might be found in the fact that crossing sidewalks in the manner admitted endangered pedestrians. A careful examination of the testimony given would indicate that this appeal cannot be sustained on any of these propositions. The officer who made the arrest fairly admitted that he did not know precisely how fast the defendant was driving and his testimony indicated a rate of miles per hour which we could hardly term *per se* to be careless. None of the other propositions were urged upon the trial and they should not now be presented on appeal.

This arrest was made admittedly because the defendant evaded a red light by passing through private property across a corner thereby securing the benefit of the green light of the intersecting street. Such evasion of a red light is not prohibited by law and is not in itself reckless driving. The arrest was made upon the theory that such act in itself constituted negligence. The information charges that the defendant drove in a manner which was not careful and prudent by turning to the right at the traffic light on Main and Work streets when the light was red and driving through McCall's service station and across the traffic then going east on Main street to get back on South Work street. The deposition which was filed by the officer who made the arrest contains the following: " I told him to go back and wait for the green light and go through it and he said, do I have to? I said, either go back or I will take you in."

It appears, therefore, that the sole theory of the arrest by the officer and of the trial of this defendant was that by driving onto private property and thereby avoiding a red light the defendant violated the law. There was no substantial evidence of other traffic on the street at that time or that any one was endangered

or inconvenienced by the acts of the defendant and there was no substantial evidence of excessive speed. Surrounding circumstances negative all evidence of negligence save the one item of avoiding a traffic light which in and of itself is not negligence. It is not now and never has been the law that one must approach a traffic light with such a degree of reverence as to require the taking off of the hat or bowing the knee. Traffic lights are for the reasonable protection of the public and are so to be regarded. When the appropriate color is displayed it is taken as an indication that traffic is not to proceed. It is not an injunction that traffic must stop and remain standing at that point.

The case having been tried and disposed of on the one theory and a conviction having occurred the conviction may not now be sustained on some other theory. In other words, if the acts charged in the information do not constitute a crime the conviction may not be sustained because some other acts would have constituted the same crime. If the acts charged in the information did constitute a crime and there were merely a failure of proof this case should be sent back for a new trial but as we reach the conclusion that the acts stated do not amount to a violation of the law the conviction must be reversed and the case must be dismissed.