COMMONWEALTH *vs.* SIDNEY W. GURNEY.

Middlesex.    October 17, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Motor Vehicle,* Operation: violation of G. L. c. 90, § 24. *Pleading, Criminal,* Complaint. *Evidence,* Materiality. *Constitutional Law,* Police power.

At the trial of a complaint charging operating an automobile in 1927 on a public way in such manner "as might endanger the lives and safety of the public," there was evidence that the defendant, driving an oil truck, approached from the rear a large, loaded truck of 7,600 pounds weight parked on gravel bordering a macadam road; that when thirty or forty feet distant he saw a closed car approaching rapidly and with its left wheels over on its left side of a white line in the middle of the roadway; that when five or ten feet from the other truck, he turned to his right to avoid the approaching automobile, struck the parked truck, moved it about twenty feet on the sidewalk, and injured a workman standing by. The defendant was found guilty. *Held,* that

(1) It was proper to refuse to instruct the jury: "If the defendant in operating the automobile in question found himself, without fault on his part, in a situation of sudden peril, he is not required to exercise that degree of care which a person not beset with such peril is called upon to

exercise, and this fact, if it is a fact, should be taken into consideration by you, upon the question of the defendant's guilt or innocence";

(2) It was proper to refuse to instruct the jury: "If you find that the defendant acted in a sensible fashion in the operation of the automobile in question, but, solely because he found himself in a situation of sudden peril, without fault on his part, he committed an error of judgment as to distance, he cannot be found guilty under this complaint";

(3) G. L. c. 90, § 24, is constitutional; following *Commonwealth* v. *Pentz*, 247 Mass. 500.

Under G. L. c. 278, § 1, an objection to a complaint in a district court for a formal defect apparent on its face must be taken before judgment has been rendered by that court, or before a jury has been sworn in the Superior Court on appeal; if not so taken, it is not open on exceptions in this court after verdict in the Superior Court.

COMPLAINT, received and sworn to in the Fourth District Court of Eastern Middlesex on May 3, 1927, charging that the defendant "did operate an automobile on a public way . . . in such a manner as might endanger the lives and safety of the public."

On appeal to the Superior Court, the complaint was tried before *Dillon*, J. Material evidence, requests by the defendant for rulings, and portions of the charge to the jury are stated in the opinion. The defendant was found guilty and alleged exceptions.

*F. J. Carney,* (*J. A. Canavan & J. J. Burns* with him,) for the defendant.

*R. T. Bushnell,* District Attorney, for the Commonwealth.

CARROLL, J. The defendant was convicted of operating an automobile on a public way in such manner "as might endanger the lives and safety of the public" under G. L. c. 90, § 24.

A loaded truck weighing about 7,600 pounds, belonging to the Eastern Massachusetts Street Railway Company, was standing "facing in the direction of Stoneham" on the gravel shoulder of a highway leading from Reading to Stoneham, the "left wheels" being "about even with the macadam." Five employees of the railway company were at the time engaged in repair work, one of them, Guy M. Mattinson, standing at the rear of this truck. The defendant was operating an oil truck moving in the direction of Stoneham; it struck the railway company's truck, moving it about

twenty feet on the sidewalk and injuring Mattinson in such a way that he died from the injuries. The macadam part of the highway was twenty-one feet ten inches wide, with "a four inch white line" in or near the center. The highway was straight.

The defendant testified that he was driving a five and one half ton "road-oil truck"; that when he first saw the railway company's truck he was about thirty or forty feet from its rear; that he saw a closed car approaching from the opposite direction, which was "100 or 125 feet away" when he first saw it and he was then between twenty or thirty feet from the rear end of the railway truck; that the car was going at the rate of forty miles an hour and its left wheels were over on its left side of the white line; that in order to avoid it he turned his truck to the right; that at this time he was between five and ten feet away from the railway company's truck. He admitted "he could see perfectly well . . . all the way down the road there."

The defendant requested the judge to instruct the jury, "If the defendant in operating the automobile in question found himself, without fault on his part, in a situation of sudden peril, he is not required to exercise that degree of care which a person not beset with such peril is called upon to exercise, and this fact, if it is a fact, should be taken into consideration by you, upon the question of the defendant's guilt or innocence." The jury were instructed to the effect that the element of negligence did not enter into the case, that the defendant's acts were circumstances to be considered in measuring his conduct, that "You are to say what were the conditions, and whether the operation of his car under the conditions as you find them was . . . with a just regard to the rights of others . . . you are not confined to the situation as you find it at the moment of the collision . . . the defendant is not to be judged by the skill or lack of skill that he displayed at that time . . . he is to be judged by his entire conduct concerning which you have testimony . . . as to the manner in which he operated this automobile at this time and place . . . not only at the time of collision, but before." No exception was taken to the charge.

In determining whether the defendant violated the statute by driving the truck in such a way as to endanger the lives and safety of the public, his negligence or want of care was not relevant. "The performance of the specific act constitutes the crime." *Commonwealth* v. *Pentz*, 247 Mass. 500, 510. All the surrounding circumstances were important for the consideration of the jury, not for the purpose of passing on the defendant's negligence, but in order that they might determine his guilt or innocence and whether he violated the statute. For this purpose the speed at which his truck was moving, his opportunity to see the approaching car and the railway truck, what distance from the white line the closed car was on the defendant's side of the road, his opportunity to avoid the railway truck, as well as the distance it was moved by the collision, its weight and that of his truck, and his conduct just preceding the collision when he first saw the closed car — all were matters for the jury to consider.

Assuming that, solely by reason of the conduct of the operator of the closed car, the defendant found himself in a position of sudden peril, the question the jury had to decide was not the degree of care he was required to use in these circumstances. The care required of him was not to be compared with the care of one not confronted with such a peril. Under the condition shown by the evidence, he was then obliged to operate his truck in such a manner as not to endanger public safety, taking all the circumstances into account, including the peril, if one existed; but the question of the defendant's care compared with that of one not in a similar situation was not involved. This request was refused properly. *Commonwealth* v. *Vartanian*, 251 Mass. 355, 357, 358.

The defendant also asked for this instruction: "If you find that the defendant acted in a sensible fashion in the operation of the automobile in question, but, solely because he found himself in a situation of sudden peril, without fault on his part, he committed an error of judgment as to distance, he cannot be found guilty under this complaint." The defendant could have been found guilty although "he

committed an error of judgment as to distance" when he found himself in a situation of sudden peril. Even if the peril could not have been prevented, he was still required so to operate his automobile as not to act in violation of the statute, and an error of judgment as to distance could have been found to afford him no excuse. He may have made such an error and at the same time have driven in such a manner as might endanger the safety of the public. *Commonwealth* v. *Pentz, supra.*

The defendant also contends that the complaint "sets out no crime known to the common law, and it does not conform to the provisions of G. L. c. 90, § 24, and acts in amendment thereof." There is no substantial variance between the language of the complaint and that of the statute. Under G. L. c. 278, § 17, an objection to a complaint for a formal defect apparent on its face must be taken before judgment has been rendered by the District Court, or before a jury has been sworn in the Superior Court. This statute was not complied with and the point now raised is not open.

The defendant has argued the constitutionality of the statute. This question was discussed in *Commonwealth* v. *Pentz, supra.* It was there decided that the statute was not in violation of the Constitution of Massachusetts or of the Fourteenth Amendment to the Federal Constitution. We do not think it necessary to reëxamine the grounds of that decision, as suggested by defendant's counsel. The construction put on the statute by the judge was in accordance with the law, and read as a whole the charge was correct.

There was no error in the conduct of the trial.

*Exceptions overruled.*