THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANNA M. TAYLOR, Defendant.

County Court, Westchester County, April 5, 1939.

*Walter A. Ferris*, District Attorney [*Harold Garrity, Assistant Corporation Counsel*, of counsel], for the plaintiff.

*Wallace & Wallace* [*Charles J. Wallace* of counsel], for the defendant.

COYNE, J.   Defendant appeals from a conviction for a violation of subdivision 1 of section 722 of the Penal Law.   An inconsistency is presented in that the information charges the offense to have occurred in a private apartment (*People* v. *Oczko*, 272 N. Y. 604; *People* v. *McCauliff*, 267 id. 581; *People* v. *Perry*, 265 id. 362), and the State's evidence on the trial unquestionably sought to establish that the alleged offensive language and disorderly behavior occurred on a public street.   Defendant's motions relative to the sufficiency of the information made at the opening and throughout the trial were denied, and no action was taken to conform the information to the proof.

There should be no misunderstanding as to the exact charge upon which defendant is being tried.   The place of the commission of the offense in the present instance was most material as bearing on the statutory requirement of a breach of the peace.   On this important issue the evidence is very close.   In support of the decision it should be noted that in a somewhat similar occurrence on a public street a conviction was had.   (*People* v. *Sadowsky*. 149 Misc. 583.)   In close cases, however, errors which might otherwise be harmless and unimportant are held sufficient to require a reversal.   (*People* v. *Altman*, 147 N. Y. 473; *People* v. *Sweet*, 130 Misc. 612; *People* v. *Williams*, 135 id. 564.)

In the entire record the ends of justice will best be served by remanding the defendant to the local court for retrial under an information leaving no doubt as to the specific charge.   Judgment reversed, defendant remanded to local court, and new trial ordered. Submit order.