STATE OF WEST VIRGINIA

*v.*

VIRGIL HOWARD HAMILTON

(No. 10163)

Submitted September 27, 1949. Decided November 22, 1949.

Lovins, Judge, not participating.

*Ira J. Partlow,* Attorney General, *Virginia Mae Brown,* Special Assistant Attorney General, *Henry P. Snyder,* Prosecuting Attorney of Tyler County, for plaintiff in error.

*P. Douglass Farr,* for defendant in error.

HAYMOND, PRESIDENT:

At the regular March term, 1948, of the Circuit Court of Tyler County, the defendant, Virgil Howard Hamilton, was indicted for the crime of reckless driving under subsection (i), Section 18, Article 8, Chapter 59, Acts of the Legislature, 1931, Regular Session, which was amended and reenacted by Section 18, Article 8, Chapter 142, Acts of the Legislature, 1947, Regular Session, and may be referred to as Code, 1931, 17-8-18 (i), as amended. The defendant entered his plea of not guilty at the March term, 1948, of the circuit court. The case was continued from time to time, on motion of the defendant, and at the regular November term, 1948, by leave of court, he withdrew his plea of not guilty and filed his written demurrer and motion to quash the indictment. At the regular March term, 1949, the circuit court sustained the demurrer and the motion to quash and by order entered March 21, 1949, dismissed the proceeding and discharged the defendant. To this final order the State of West Virginia obtained a writ of error from this Court under the provisions of Code, 1931, 58-5-30. See *State* v. *O'Brien*, 102 W. Va. 83, 134 S. E. 464.

The questions of law raised by the demurrer and the motion to quash the indictment and presented upon this writ of error involve the constitutionality of subsection (i) of Section 18 of the statute and the sufficiency of the indictment.

The challenged statute, subsection (i) of Section 18, Article 8, Chapter 17 of the Code of 1931, as amended, first incorporated in the law of this State by Chapter 59, Acts of the Legislature, 1931, Regular Session, and reenacted in identical terms by Chapter 142, Acts of the Legislature, 1947, Regular Session, is couched in this language:

"Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as

to endanger or be likely to endanger any person or property, shall be guilty of reckless driving."

Prior to the enactment of this statute the offense of reckless driving, as such, did not exist in this State. See *Town of Hartford* v. *Davis,* 107 W. Va. 693, 150 S. E. 141, decided by this Court in 1929.

The charge of the offense alleged in the indictment returned by the grand jury of Tyler County, the validity of which is challenged in this proceeding, is that the defendant, on a designated day in November, 1947, in Tyler County, within one year next preceding the finding of the indictment, drove an automobile "in a westerly direction upon W. Va. State Rt. No. 23, then and there a public highway, at or near the residence property of one Roy Murphy, in the following manner, to-wit: (1) by then and there operating such motor vehicle at a rate of speed greater than was reasonable and prudent, having due regard to the traffic then and there on such highway, the contours, surface, width and physical condition of such highway; (2) by, upon meeting a certain motor vehicle coming from the opposite direction and driven by one Howard Swiger, he, the said Virgil Howard Hamilton, failing and neglecting to turn to his right of the center of such highway so as to pass such Howard Swiger's motor vehicle without interference but by then and there driving such motor vehicle he was then operating upon his left of the center of such highway; (3) by then and there failing to have his said motor vehicle under proper control; (4) by then and there failing to keep a proper outlook for the safety of other persons using such highway; and (5) by then and there operating his said motor vehicle without adequate brakes as required by law; by and as a result of the joint and several effects of all of which he, the said Virgil Howard Hamilton, did unlawfully drive his aforementioned motor vehicle carelessly and heedlessly, in wilful and wanton disregard of the rights and safety of others, and without due caution and circumspection and at a speed in a manner so as to endanger and to be likely to endanger

the person and property of another, to-wit, Howard Swiger, against the peace and dignity of the State."

The defendant contends that the language of the statute which creates and describes the offense of reckless driving is too vague and too indefinite to satisfy the constitutional requirement that the accused shall be fully and plainly informed of the character and the cause of the accusation and that, for that reason, the statute is violative of Article III, Section 14 of the Constitution of this State.

The identical contention now urged by the defendant against the validity of this same statute was presented to and rejected by this Court in *State* v. *Mangus*, 120 W. Va. 415, 198 S. E. 872. In discussing and sustaining the constitutionality of the statute as sufficiently precise to define the offense, this Court said:

> "We distinguish this case from *State* v. *Lantz*, 90 W. Va. 738, 111 S. E. 766, 26 A. L. R. 894. Therein we held: 'An act of the Legislature making it a crime to operate an automobile around a curve on a public road without having the same under control, or without reducing the speed thereof to a reasonable and proper rate, is violative of sections 10 and 14 of article 3 of the Constitution of this State, and is void for uncertainty and indefiniteness.' Clearly, as stated in that case, there is no criterion to determine whether an automobile was under control when rounding a curve, or whether the speed at which it was operated was reasonable and proper. The terms are purely and essentially relative. In that enactment the evil interdicted was too indefinite of characterization and evanescent of description to afford a basis for plainly informing the accused of the accusation he was called on to meet. Under the subsection at bar, however, reckless driving which endangers other persons or other property is the conduct forbidden. No one need entertain difficulty of understanding what is meant thereby.
> "We therefore hold that the discussed statutory provision is not unconstitutional."

Statutes creating and defining the crime of reckless driving similar in form to that of the statute now under

consideration have been sustained in many other states and are recognized as valid by the decided weight of authority. Among other numerous cases which uphold such statutes, in addition to those cited in the opinion in the *Mangus* case, are: *People* v. *Smith,* 36 Cal. App. 2d Supp. 748, 92 P. 2d 1039; *People* v. *Green,* 368 Ill. 242, 13 N. E. 2d 278, 115 A. L. R. 348; *Gallaher* v. *State,* 193 Ind. 629, 141 N. E. 347, 29 A. L. R. 1059; *Commonwealth* v. *Gurney,* 261 Mass. 309, 158 N. E. 832; *State* v. *Derry,* 118 Me. 431, 108 A. 568; *State* v. *Miller,* 119 Ore. 409, 243 P. 72; *State* v. *Welford,* 29 R. I. 450, 72 A. 396; *Barkley* v. *State,* 165 Tenn. 309, 54 S. W. 2d 944; *State* v. *Randall,* 107 Wash. 695, 182 P. 575; *Maxon* v. *State,* 177 Wis. 379, 187 N. W. 753, 21 A. L. R. 1484. See also 5 Am. Jur., Automobiles, Section 807; 61 C. J. S., Motor Vehicles, Section 609; III Michie, Law of Automobiles, Virginia and West Virginia, paragraph 296.

It is unnecessary to discuss at length the question of the validity of the statute. That point was finally determined by this Court in the *Mangus* case, and the holding in that case, which is approved and adhered to, settles that question adversely to the contention of the defendant.

The indictment in the *Mangus* case, however, which employed only the general terms of the statute, was held to be fatally defective because it failed to set forth the "specific evil conduct" which constitutes the offense of reckless driving charged against the defendant in that case. It is evident that the form of the indictment here under consideration is the result of an endeavor to satisfy the requirement of reasonable particularization of the manner in which the alleged offense was committed imposed by the *Mangus* decision and to escape the fate of the indictment in that case.

The defendant insists that the indictment in this case is fatally defective because it charges him with the commission of four separate and distinct offenses as to some of which different punishments are prescribed, and because the indictment is based upon the erroneous assumption that the offense of reckless driving consists of the aggregate of those offenses.

It is clear that the indictment does not charge the defendant with any offense other than that of reckless driving as defined by the statute. The particular acts of the defendant, alleged in the indictment, are merely descriptive of the manner in which the defendant drove his automobile in committing the offense of reckless driving. That is the only offense which he is required to answer or of which he may be convicted upon a trial of the indictment. The charge in the indictment is simply that the defendant committed the crime of reckless driving by his conduct, which consisted of several specified acts, while driving his automobile carelessly and heedlessly in wilful and wanton disregard of the rights and the safety of a designated person and without due caution and circumspection and at a speed and in a manner which endangers or is likely to endanger any person or property. The particular acts performed by the defendant in driving his automobile, in the manner alleged, constitute the offense charged in the indictment. Though any, or some, or all, of the particular acts of the defendant, alleged in the indictment, if not committed in the manner set out in the statute, may not constitute the offense of reckless driving, see *People* v. *Sweet*, 130 Misc. Rep. 612, 225 N. Y. Supp. 182; *People* v. *Aldrich County Ct.*, 191 N. Y. Supp. 899; *State* v. *Andrews*, 108 Conn. 209, 142 A. 840; *People* v. *Grogan*, 260 N. Y. 138, 183 N. E. 273, 86 A. L. R. 1266; any, or some, or all, of them, whether each is or is not in itself a distinct offense for which the actor may be separately indicted, will, if committed in the manner described in the statute, constitute that offense. See *State* v. *Sullivan*, 58 N. D. 732, 227 N. W. 230, in which the Court, in considering a statute similar to the statute in this State, said: "Reckless driving may be based entirely upon violations of the rules of the road and negligence, though all cases of such violation or of negligence may not be reckless driving." Of course, if more than one act occurs in the commission of the offense, the acts involved must be engaged in simultaneously, concurrently, or in close and immediate sequence, by the accused as part of one entire transaction.

The language of the Supreme Court of Appeals of Virginia in the case of *Bell* v. *Commonwealth*, 170 Va. 597, 195 S. E. 675, in dealing with several specific acts set forth in a bill of particulars to an indictment for manslaughter is pertinent in determining the effect of the particular acts stated in the indictment in this case. In the *Bell* case the defendant contended that the various acts stated in the bill of particulars were separate criminal offenses and should have been alleged in separate counts and the Commonwealth should have been required to designate the particular charge relied on for conviction. In denying the contention of the defendant the Court said: "In the instant case, the indictment contained only one count, and that was for manslaughter. A conviction was sought only on that count for involuntary manslaughter. The bill of particulars objected to was not a count or several counts. It was a statement of the several acts of negligence alleged to have existed in creating the offense. It recited an accumulation of negligent acts, each based, more or less, on the other, or proceeding one upon the other, to show an attitude of indifference to consequences, or a reckless, wanton, and callous disregard of the rules of safety. * * * If each of the violations of law alleged in the bill of particulars followed immediately one upon the other, and contributed or concurred in producing the injury, each would be a factor in determining the degree and character of the negligence committed. The bill of particulars, therefore, only sets out the means whereby the alleged offense of involuntary manslaughter was committed, and the constituent elements of the gross and culpable negligence relied on. In this respect, it gave notice to the defendant of the charge he would be required to meet and defend."

The acts stated in the bill of particulars in the *Bell* case closely resemble the acts specified in the indictment in this case and some of the acts designated in each instance constituted separate offenses. The indictment, however, in each case charged only one offense, and in the present case the only crime charged is the crime of reckless driving. Though a bill of particulars is, of course, not a part of the

indictment but merely an auxiliary statement of facts, the reasoning and the conclusion of the Virginia court that the specific acts set out in the bill of particulars were simply the means by which the offense charged was committed, directly apply to the specifications of the particular acts performed by the accused in committing the offense charged against him in the indictment in this case.

The defendant also challenges the sufficiency of the indictment on the ground that it does not specify the speed at which the defendant is alleged to have driven, or the speed limit for the locality in which the alleged offense was committed. To sustain this contention the defendant cites and relies upon subsection (c), Section 18, Article 8, Chapter 59, Acts of the Legislature, 1931, Regular Session. This subsection employs these words:

"In every charge of violation of this section the complaint, also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the speed indicated in this section for the district or location and in the event charge shall also be made of violation of any other provision of this act, the complaint and the summons or notice to appear shall also specify such other offense alleged to have been committed."

The meaning of this quoted provision of the statute is not entirely clear. It will be observed, however, that though it mentions complaint, and summons or notice to appear, it does not contain the word "indictment" which imports a definite and well understood meaning. An indictment has been defined by this Court, quoting the words of Blackstone, as "A written accusation of one or more persons, of a crime or misdemeanor, preferred to, and presented by, a grand jury under oath." *State* v. *Schnelle,* 24 W. Va. 767. A complaint in a criminal proceeding is not an indictment though it "performs the same office that an indictment or information does in superior courts." 22 C. J. S., Criminal Law, Section 303. "The term 'complaint' is a technical one, descriptive of proceedings

before magistrates. * * * The term is used with reference to accusations not made by the grand jury or the state's attorney." 22 C. J. S., Criminal Law, Section 303. It is clear that the terms "summons or notice to appear" do not mean an indictment. Without undertaking to determine the meaning of the quoted provisions of the statute, which is unnecessary in disposing of the contention of the defendant, it is evident that the word "complaint" should be given its technical meaning with respect to "the speed at which the defendant is alleged to have driven" and the speed prescribed for the district or the location in which the alleged offense was committed, and that the statute does not apply to an indictment returned by a grand jury in a court of record.

As the indictment in this case meets the test laid down by this Court in the *Mangus* case and is free from any defect which impairs its validity, it is sufficient as a charge against the defendant of the offense of reckless driving.

The judgment of the circuit court sustaining the demurrer and the motion to quash, dismissing this proceeding, and discharging the defendant, is reversed and set aside; and this case is remanded to that court for further proceedings in conformity to the principles stated in this opinion.

*Reversed and remanded with directions.*