STATE OF NEBRASKA, APPELLEE, v. DONALD LEE GREEN, APPELLANT.

156 N. W. 2d 724

Filed February 16, 1968. No. 36699.

Bertrand V. Tibbels, for appellant.

Marvin L. Holscher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

Donald Lee Green, the defendant, was convicted of willful reckless driving in violation of an ordinance of the city of Scottsbluff, Nebraska, and sentenced to pay a fine of $100. The defendant's motion for new trial was overruled and he has appealed.

The sole issue upon the appeal is the validity of the ordinance involved. The constitutionality of the ordinance was challenged in the trial court by demurrer and a motion to quash.

The ordinance in question, section 20-295, provides as follows: "No vehicle shall be driven, used, operated,

parked, or stopped in a negligent, careless, reckless, or willful reckless manner, or in such manner as to endanger or interfere with the lawful traffic or use of the streets, or in such a manner that the vehicle shall not be under the complete control of the driver."

The defendant contends that the ordinance purports to create six separate offenses and that the terms used are so vague and ambiguous that the offenses created are not clearly defined.

In this case the defendant was charged with willful reckless driving. The question here is whether "willful reckless driving" can be prohibited and a penalty imposed for that offense. In disposing of this appeal it is not necessary to determine whether all of the other five separate offenses created by the ordinance are valid and effective.

The terms of a penal statute creating an offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties. It is a fundamental requirement of due process of law that a criminal statute be reasonably clear and definite. State v. Adams, 180 Neb. 542, 143 N. W. 2d 920.

In a number of decisions, statutes prohibiting reckless driving have been held valid. See, State v. Andrews, 108 Conn. 209, 142 A. 840; State v. Hamilton, 133 W. Va. 394, 56 S. E. 2d 544, 12 A. L. R. 2d 573; 7 Am. Jur. 2d, Automobiles and Highway Traffic, § 263, p. 815; 61 C. J. S., Motor Vehicles, § 609, p. 698; Annotation, 12 A. L. R. 2d 580.

Reckless driving has been prohibited by statute in Nebraska since 1935. Laws 1935, c. 134, § 3, p. 485. The 1935 Act defined the offense as driving "in such a manner as to indicate either a wilful or wanton disregard for the safety of persons or property." In 1947, the statute was amended, and driving in such a manner as to indicate "an indifferent or wanton disregard for the safety of persons or property" was constituted reckless driving.

Willful reckless driving was defined as driving in such a manner as to indicate "a willful disregard for the safety of persons or property." Laws 1947, c. 148, § 3, p. 410. The pertinent portion of the statute now appears as sections 39-7,107 and 39-7,107.02, R. R. S. 1943.

Reckless driving is defined in Webster's Third New International Dictionary, at p. 1896, as driving that evidences "a deliberate or culpably negligent disregard of life and property and creates an unreasonable risk of harm to others." The deliberate or wanton disregard for the safety of others or their property is the fundamental characteristic of reckless driving. Willful reckless driving is characterized by a deliberate, as distinguished from an indifferent, disregard for the safety of others or their property.

Reckless driving and willful reckless driving are terms which have a general recognized and understood meaning. Reckless driving and willful reckless driving may be prohibited by legislative enactments and separate penalties imposed for their violation.

The penalty provided for a violation of the ordinance involved in this case is contained in a later section, section 20-701. That section provides for a fine of not less than $1 nor more than $100. In 1959 the section was amended to prescribe minimum fines for certain violations. The minimum fines prescribed by the 1959 amendment for violating section 20-295 are as follows: "Section 20-295 as amended—negligent driving: Five Dollars ($5.00), careless driving: Fifteen Dollars ($15.00), reckless driving: Twenty-five Dollars ($25.00), willful reckless driving: Fifty Dollars ($50.00), other provisions of such Section: Five Dollars ($5.00)."

The defendant contends that the minimum fines provision in section 20-701 is invalid because it permits the police to control the minimum fine to be imposed by designating the offense which is to be charged.

The fact that the prosecuting authority may have some discretion in deciding what the appropriate charge should

be in a particular case cannot restrict the legislative determination as to what the minimum penalty should be for a particular offense. To the extent that identical offenses should carry identical penalties, the argument may have merit, but a distinction exists between reckless driving and willful reckless driving. The contention has no merit so far as this case is concerned.

The judgment of the district court is affirmed.

AFFIRMED.

SMITH, J., participating on briefs.

McCOWN, J., dissenting.

I concur in the holding of the majority opinion that a proper municipal ordinance may constitute reckless and willful reckless driving separate offenses. However, I cannot concur in the conclusion that the particular ordinance here involved can properly be severed into portions. Unless it can be, the ordinance is clearly unconstitutional.

The definition sections of the traffic code of the City of Scottsbluff in themselves contain no definitions relevant here. The original provisions of section 20-295 carried the blackface type heading, "Reckless driving; prohibited." That section provided: "No vehicle shall be driven, used, operated, parked or stopped in a careless, reckless, or negligent manner, or in such manner as to endanger or interfere with the lawful traffic or use of the streets, nor in such a manner that such motor vehicle so driven shall not be under the complete control of the driver." The 1959 amendment merely added the words "willful reckless" and changed the order of the words to "* * * negligent, careless, reckless, or willful reckless manner, * * *." All other portions of the section remained substantially unchanged.

Section 20-701 of the original traffic code, as indicated in the majority opinion, was a general penalty section providing for a fine of not less than $1 nor more than $100 for a violation of any provision of the entire traffic code not otherwise specified. No fines were specified anywhere else in the code. The 1959 amendments to sec-

tion 20-701 left the overall penalty provisions intact, but added to them. The additions established minimum fines for violations of section 20-295 as amended. These were: negligent driving, $5; careless driving, $15; reckless driving, $25; willful reckless driving, $50; and other provisions of such section, $5. The 1959 amendment of section 20-701 also provided minimum fines of $10 for violations of five separately designated sections involving speeding; provided a $10 minimum fine for violation of section 20-297 involving unnecessary noise; and provided for a minimum fine of $5 for a moving violation under any other provisions of the entire traffic code.

It is significant that section 20-295 was the only section of the entire traffic code for which more than one minimum fine was provided and for that section, five separate minimum fines were provided.

The majority opinion adopts the position that the 1959 amendments to the penalty section, section 20-701, are sufficient to split up, separate, and constitutionally divide section 20-295 into five or more separate and distinct traffic offenses, even though the whole section is all one sentence. That section is interpreted as though it prohibited driving or operating a vehicle in a reckless or willful reckless manner and nothing more. It also draws on the state statutes and the definitions contained in them to determine a definition of willful reckless driving. Even assuming that a proper and specific distinction may be drawn and has been drawn by state statutes between reckless driving and willful reckless driving, there is no state statute defining negligent driving, nor careless driving, nor differentiating between them. There is certainly no statute or interpretation that incorporates stopping or parking as being involved in any such definitions.

Treating the ordinance as constituting five or more separate offenses requires obliterating different words for different charges, even though they are all in one continuous sentence, and that sentence constitutes the

entire section. The portions of the ordinance which prohibit driving, operating, parking, or stopping a vehicle "in such manner as to endanger or interfere with the lawful traffic or use of the streets, or in such a manner that the vehicle shall not be under the complete control of the driver," certainly run afoul of the decision in State v. Adams, 180 Neb. 542, 143 N. W. 2d 920. This is glaringly apparent where the ordinance covers not only driving or operating a vehicle, but using, parking, or stopping it as well. It should be noted that 39 sections of the Scottsbluff traffic code deal with parking, and at least 16 of them make various types of parking unlawful. There are literally dozens of sections of the code specifically defining various moving traffic violations and making them unlawful.

It would be virtually impossible to hold that section 20-295, viewed as a whole, is sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to penalty. See State v. Adams, *supra*.

It seems a strained construction indeed to lift out the words of the ordinance "reckless, or willful reckless," limit them to driving or operation of a vehicle, and then ignore the rest of the sentence and section. This treatment makes the words "negligent" and "careless" disappear, as well as the words "used," "parked," and "stopped." The clauses which deal with endangering or interfering with lawful traffic or use of the streets and not having the vehicle under complete control likewise disappear like magic. Yet, it is only by such wrenching that it can be said that it is not necessary to determine whether the other offenses apparently specified in the ordinance in the same section and in the same sentence, are valid and effective. Under such a construction, the particular offense charged determines which words of the sentence and section shall be ignored and which shall be applied.

A statute which forbids the doing of an act in terms

so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law. Heywood v. Brainard, 181 Neb. 294, 147 N. W. 2d 772.

The issue here was the constitutionality of the specific ordinance as it existed and not whether a properly drawn municipal ordinance might constitutionally distinguish between reckless driving and willful reckless driving and constitute them separate offenses. Section 20-295 should be construed as a whole, and should be declared unconstitutional.