STATE OF NEBRASKA, APPELLEE, V. PHILLIP KUFELDT, APPELLANT.
248 N. W. 2d 781

Filed January 12, 1977. No. 40829.

Morgan & Morgan, for appellant.

Paul L. Douglas, Attorney General, and J. Kirk Brown, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

The defendant was found guilty in the county court on a charge of reckless driving in violation of section 39-669.01, R. R. S. 1943. On appeal to the District Court the judgment was affirmed. He then appealed to this court and asserts that the evidence is insufficient to

sustain the conviction. We affirm.

Section 39-669.01, R. R. S. 1943, provides: "Any person who drives any motor vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be deemed to be guilty of reckless driving."

The record establishes that the evidence, if believed by the trier of fact, would support the following conclusions. The complaining witness, Karen Pickrel, was driving an automobile from Clarks, Nebraska, to Central City, Nebraska, during daylight hours. In the car with her were two brothers and a sister. The Pickrel car was traveling about 55 miles per hour and was in its own proper lane of traffic. The defendant, driving a pickup, was following the Pickrel car and he then began to pass that car on the left; and when his pickup was beside the Pickrel car with its rear wheels about even with the door of the Pickrel automobile, the defendant made a sudden right turn toward the Pickrel car and into its lane of traffic. In order to avoid a collision Pickrel was required to drive her car off the highway, and had she not done so a collision would have occurred. The evidence is sufficient to establish that the movement of the defendant's car was intentional, not required by any condition of the road or traffic, and was made by defendant with knowledge that such movement would probably have required the Pickrell car to leave the paved portion of the road.

The evidence is therefore sufficient to indicate on the part of the defendant "an indifferent or wanton disregard for the safety of persons." State v. Green, 182 Neb. 615, 156 N. W. 2d 724.

AFFIRMED.