STATE OF NEBRASKA, APPELLEE, V. JACK CHARLES DiLORENZO, APPELLANT.

146 N. W. 2d 791

Filed December 9, 1966. No. 36319.

Paul E. Watts, for appellant.

Herbert M. Fitle, Walter J. Matejka, Charles A. Fryżek, Gary P. Bucchino, Raymond Gaines, Richard Dunning, John Gutowski, and John Abbott, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and HASTINGS, District Judge.

WHITE, C. J.

This is a prosecution for willful reckless driving under section 39-7,107.02, R. R. S. 1943, which provides in sub-

stance, that it shall be unlawful for any person to operate a motor vehicle in such a manner as to indicate a willful disregard for the safety of persons or property. The complaint was filed in the municipal court of the City of Omaha, Nebraska, defendant was tried and convicted, error proceedings were taken to the district court for Douglas County, Nebraska, which were dismissed, and the defendant now appeals to this court.

Evidence on behalf of the State shows that on December 6, 1965, about 11 o'clock p.m., an Omaha police officer was parked in the vicinity of Ninety-third and Dodge Streets in Omaha, Nebraska. The city limits of Omaha, Nebraska, are Ninety-sixth and Dodge Streets. The officer, while parked, heard a commotion and tires squealing and saw two cars coming over the hill in the vicinity of Ninetieth and Dodge Streets. One of these cars was a 1965 Chevrolet. As the car passed, the officer left his parked position, proceeded after this 1965 Chevrolet, and turned on his blinker lights and left spotlight. At that time the 1965 Chevrolet was at about Ninety-sixth and Dodge Streets. When the officer reached Ninety-sixth and Dodge Streets, he turned on his siren and proceeded to chase the 1965 Chevrolet automobile to One Hundred Thirty-second and Dodge Streets at speeds between 95 and 100 miles per hour. Three cars were passed during this period of the chase. The officer identified this 1965 Chevrolet as having three round tail lights on the left and three on the right side and testified that those were the lights he followed all of the time until the chase ended. The car turned south at One Hundred Thirty-second and Dodge Streets to Pacific Street, turned west at One Hundred Thirty-second and Pacific Streets, and proceeded on to a farm yard in the vicinity of One Hundred Seventy-sixth and Pacific Streets. The officer pulled into the farm yard, found the 1965 Chevrolet parked there with the left door open, and found a female occupant in the car. He looked behind a barn, heard a commotion in a corn field, flashed

his flashlight, and discovered the defendant. The officer testified as follows: "I walked up and took him by the arm and said he was under arrest. He said 'What for?' and I said 'I chased you from 93rd and Dodge.' And again he said 'What for?' and I said that I had chased him from 93rd and Dodge, and he said 'I thought you were another car.'" The officer further testified that in his conversation with the defendant the defendant told him that he thought a car was chasing him. The officer asked him, "'What do you mean by a car?'" The defendant answered, "'The car along by him on Dodge.'" The officer further testified that the defendant told him there were a couple of boys who wanted to drag race at first; that he tried to get away from them; and that he thought they were going to pull him over and beat him up. The officer advised the defendant that he was under arrest and the record shows that all during the period of the conversation with the officer, during and after the arrest, the defendant did not deny or assert that he was not driving the 1965 Chevrolet automobile.

Defendant first contends that there is insufficient proof to show that the defendant was operating the motor vehicle. In the State's evidence, it is true that there is no direct evidence identifying the defendant as being at the wheel or driving the 1965 Chevrolet. But, the evidence is that when the officer pulled up into the barn yard, the left front car door was open; that the defendant was in a corn field behind a barn; that when the officer told the defendant he had chased him from Ninety-third and Dodge Streets, the defendant responded, "'I thought you were another car'"; that defendant further admitted that a car was chasing him; that the car that was chasing him was along by him on Dodge Street; and that he tried to get away from a couple of boys who wanted to drag race. These are sufficient circumstances to warrant the inference of fact that the defendant was driving the 1965 Chevrolet automobile. At no time did the defendant deny to the officer

that he was driving the car. The defendant argues that the officer changed his testimony to the effect the vehicle he was following was a hard top rather than a convertible to which he had first testified. But, the officer did testify that he only momentarily lost sight of the automobile during the entire chase and was never further than 5 blocks away from it. The defendant argues various other matters, such as the officer's visibility being impaired at different points in the chase, a change in his testimony as to identification of a 1965 Pontiac that he initially observed along with the defendant's automobile at Ninety-third and Dodge Streets, and other matters. Suffice to say these arguments all relate to the weight and credibility of the officer's testimony and do not bear on the sufficiency of his evidence to sustain this conviction. There is no merit to this contention.

Defendant's next conclusion is that the municipal court of Omaha, Nebraska, did not have jurisdiction of the case. The chase began at Ninety-sixth and Dodge Streets, which is the city limits, continued west on Dodge Street, then south to Pacific Street, and then west on Pacific Street, all in Douglas County, Nebraska. Section 26-118, R. R. S. 1943, provides that the municipal court shall have concurrent jurisdiction with the county court in criminal cases in which the punishment does not exceed 6 months' imprisonment or a fine of $500, or both. Specifically bearing upon the question of the territorial jurisdiction of the municipal court of Omaha is section 26-116, R. R. S. 1943. That statute provides that the municipal court in cities of the metropolitan class shall "have jurisdiction over territory coextensive with the boundaries of the justice of the peace districts in which said courts are located * * *." Section 5-106, R. R. S. 1943, shows the County of Douglas as being justice of the peace district No. 15. These statutes clearly establish jurisdiction of the municipal court of the City of Omaha to hear and determine this case, even assuming that the evidence establishes that it occurred entirely outside of

the city limits of the City of Omaha, Nebraska. But, the defendant contends that these statutes are unconstitutional insofar as they attempt to give jurisdiction to the Omaha municipal court outside of the confines of the city limits of the City of Omaha. Defendant cites as his authority for this position: State ex rel. Wright v. Brown, 131 Neb. 239, 267 N. W. 466; and State ex rel. Woolsey v. Morgan, 138 Neb. 635, 294 N. W. 436. In both of these cases the question was the constitutionality of the statute abolishing justice of the peace courts within Lancaster County and outside the city limits of Lincoln, and sustituting therefor the municipal court of the City of Lincoln. The court held both statutes unconstitutional and preserved jurisdiction of the justice of the peace courts in Lancaster County, Nebraska. In neither case was the territorial jurisdiction of the municipal court of Lincoln, or Omaha, as established by statute, challenged. These cases do not support the contention of the defendant.

Defendant next contends, in substance, that the evidence of speed alone is not sufficient to sustain the conviction. We agree that speed alone does not amount to recklessness in the operation of an automobile. But, the real question presented is whether the particular speed is dangerous under the surroundings and attendant circumstances of the particular case. We feel, in this case, that there are facts clearly sufficient to establish a manner of driving which evidenced a disregard for the safety of persons and property sufficient to support the judgment of the court. The officer testified that he traveled at a speed of 95 to 100 miles an hour. The evidence discloses that the speed of the defendant was highly excessive; that he passed at least three automobiles; that he continued this course of conduct on a heavily traveled public highway at nighttime; and that under the circumstances his actions constituted a jeopardizing of his own life, the life of his companion in the car, and other people lawfully traveling on the highway.

There is no merit to this contention.

The defendant next contends that the complaint charges him with committing an offense at or near 17606 Pacific Street, while the evidence shows the offense occurred on West Dodge Street, a distance of about 4 miles from where the arrest occurred. The evidence shows that the defendant was pursued from Ninety-third and Dodge Street continuously on West Dodge Street, south to Pacific Street, and then west to the point of arrest. Under these circumstances it is reasonable to designate the place where the offense was committed as being at or near the point of arrest. We further point out that the designation of the exact address of the place of the commission of the offense was unnecessary and was surplusage in the complaint. The complaint charged the statutory elements of the crime, and this is sufficient. See, Pauli v. State, 151 Neb. 385, 37 N. W. 2d 717; Goff v. State, 89 Neb. 287, 131 N. W. 213. A complaint must inform the accused with reasonable certainty of the charge against him in order that he may prepare his defense. It is clear that the complaint in this case sufficiently apprised the defendant of the charges against him and was more than necessary as required under the law.

The judgment of the district court in overruling the petition in error was correct and is affirmed.

AFFIRMED.