STATE OF NEBRASKA, APPELLEE, v. SHIRLEY D. COOK, APPELLANT.

325 N.W.2d 159

Filed October 22, 1982. No. 82-101.

Philip M. Martin, Jr., of Higgins & Martin, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

HASTINGS, J.

The defendant, Shirley D. Cook, was tried to a jury in the county court of Buffalo County and convicted of willful reckless driving, a violation of Neb. Rev. Stat. § 39-669.03 (Reissue 1978). She was sentenced to a term of imprisonment of 28 days in the county jail. Upon appeal to the District Court the judg-

ment of conviction was affirmed, but she was sentenced to a term of but 10 days in the county jail, ordered to pay a fine of $100, and her license to operate a motor vehicle was suspended for a period of 6 months. She has appealed to this court, alleging as errors the insufficiency of the evidence to support her conviction and the excessiveness of the sentence. We affirm.

The defendant was charged as the result of an automobile accident which occurred on January 11, 1981. The defendant was traveling in a westerly direction, and the other party, Robert Cook, was traveling in an easterly direction. These two parties were husband and wife, but were in the process of dissolving their marriage and the proceedings had been something less than pleasant. According to the testimony of Robert Cook and his passenger, immediately before the accident the motor vehicle which the defendant was driving came straight across the road and struck the Robert Cook vehicle, which at that time was within a foot or two of the edge of its side of the road. Both of these witnesses stated that immediately after the impact the defendant got out of her vehicle and came over to Mr. Cook and told him in a loud, angry voice that she would run into him "again and again." The defendant in her testimony denied that there had been any impact between the two vehicles.

It is obvious from the record that the conflicting testimony presented a question of fact for the jury to decide. It decided the case against the defendant. "We will not interfere with a conviction based upon evidence unless it is so lacking in probative force that as a matter of law it can be said that it is insufficient to support a verdict of guilty beyond a reasonable doubt." *State v. Bartholomew, ante* p. 270, 274, 322 N.W.2d 432, 435 (1982). The evidence was not insufficient.

Neb. Rev. Stat. § 39-669.04 (Reissue 1978) provides

that "Every person convicted of willful reckless driving shall be punished *upon a first conviction* by imprisonment for a period of not less than ten days nor more than thirty days, or by a fine of not less than fifty dollars nor more than one hundred dollars, or by both such fine and imprisonment, and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle for any purpose for a period of not less than thirty days nor more than one year . . . ." (Emphasis supplied.) The sentence imposed in this case was within the limits set out by statute. The presentence investigation report indicates that the defendant has a prior conviction for this same offense. In any event, "a sentence imposed by the trial court within statutory limits will not be disturbed on appeal unless there has been an abuse of discretion." *State v. Hortman,* 207 Neb. 393, 399, 299 N.W.2d 187, 190 (1980). No abuse of discretion appears here.

The judgment and sentence of the District Court are affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.