STATE OF NEBRASKA, APPELLEE, V. ERNEST E. THOMAS, APPELLANT.
441 N.W.2d 186

Filed June 9, 1989.   No. 88-215.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers for appellee.

HASTINGS, C.J., WHITE, and FAHRNBRUCH, JJ., and FUHRMAN and WHITEHEAD, D. JJ.

FUHRMAN, D.J.

Ernest E. Thomas, convicted by a jury of unlawful possession with intent to deliver a controlled substance, was sentenced to serve a term of 16 months to 3 years. Thomas appeals, claiming that the trial court erred in overruling his motion to suppress statements made by the defendant to police officers. We affirm.

On September 29, 1987, Omaha police officers served a search warrant at defendant's residence at 3721 Ohio Street in Omaha, Nebraska, and conducted a search. At the residence, the officer in charge asked defendant if he was selling marijuana, and defendant stated he was not. When the search uncovered marijuana in the house, the officer told the defendant he was lying, and the defendant admitted he was lying.

Thomas was arrested and taken to the police station, where, after informing defendant of his *Miranda* rights, the interrogating officer stated that the police were interested in knowing who defendant's supplier was. The officer also stated the defendant was facing a possible jail sentence and that if he would reveal the source of the marijuana there might be a possibility that it could help him when he appeared in court. Thomas did not give the police the name of the supplier.

The defendant claims the statements made by the defendant to police officers should have been suppressed on the basis that they were elicited by improper inducements.

The State bears the burden in a suppression hearing to show by a preponderance of the evidence that the defendant's statements were voluntary and, therefore, admissible. To be admissible, the statements must have been given freely, voluntarily, and without promises or inducements on the part of the State. Voluntariness will be tested by the totality of the circumstances, and the finding of the trial court will not be set aside unless clearly wrong. *State v. Norfolk*, 221 Neb. 810, 381 N.W.2d 120 (1986); *State v. Irwin*, 191 Neb. 169, 214 N.W.2d 595 (1974). See, also, *State v. Sutton*, 231 Neb. 30, 434 N.W.2d 689 (1989).

Nothing contained in the police officers' statements, especially when considered that they were separated in time and physical location, amounts to a threat. A police officer's stating that the defendant faced a possibility of jail time if convicted is no threat, but simply a statement of the law.

Thomas further contends that the police officer made an improper promise to him when he suggested that if the defendant revealed the source, there might be a possibility that it could help him when he appeared in court.

To be admissible in evidence, a confession must be free and voluntary and must not be extracted by any force, threat, or violence, nor may it have been obtained by any direct or implied promise, however slight, nor by the exertion of improper influence. *State v. Jones*, 208 Neb. 641, 305 N.W.2d 355 (1981). The admission or exclusion of evidence is a matter left largely to the discretion of the trial court, and its ruling will be upheld absent an abuse of discretion. *State v. Norfolk, supra.*

The officer's comment that the revealing of the defendant's source might possibly help him when he appeared in court does not warrant overturning the district court's finding and determination that Thomas' statement was voluntarily made. The district court's refusal to suppress Thomas' statement was not clearly erroneous. The judgment is, therefore, affirmed.

AFFIRMED.