STATE OF NEBRASKA, APPELLEE AND CROSS-APPELLANT, V. GERALD S. BOHAM, APPELLANT AND CROSS-APPELLEE.

447 N.W.2d 485

Filed October 27, 1989.   No. 89-054.

Marc B. Delman for appellant.

Robert M. Spire, Attorney General, Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Gerald S. Boham appeals and the State cross-appeals the Douglas County District Court's finding that Boham was guilty of reckless driving.

Boham claims he should not have been convicted of any traffic offense. The State claims that when Boham appealed to the district court, the Douglas County Court's finding that Boham was guilty of *willful* reckless driving should have been affirmed.

We vacate the district court's judgment and remand the cause to that court with directions to affirm the Douglas County

Court's conviction and sentence of Boham. After a bench trial in the county court, Boham was fined $100 and sentenced to jail for 30 days, and his motor vehicle operator's license was suspended for 365 days.

In his assignments of error, Boham claims the county court and the district court erred in (1) allowing Keith Bement to testify to hearsay, and (2) not dismissing the complaint due to the inaccurate and perjured affidavit of the complaining witness.

In reviewing a criminal conviction, it is not the province of an appellate court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the finder of fact, whose findings must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support them. See, *State v. Wokoma, ante* p. 351, 445 N.W.2d 608 (1989); *State v. Andersen*, 232 Neb. 187, 440 N.W.2d 203 (1989).

Taking the view most favorable to the State, the record reflects the following. Boham was charged in the Douglas County Court with willful reckless driving on July 26, 1988, in Omaha. The complainant, Jay Iske, was employed as a nonunion truckdriver for Brown Transfer. At all times relevant herein, Brown Transfer was involved in a labor dispute with its union employees. Although Boham was not a Brown Transfer employee, he supported the striking union members. Before July 26, Iske, who did not know the defendant, had encountered Boham. At that time, the defendant used his black Thunderbird automobile to block Iske's truck. Boham moved the Thunderbird only after a security guard asked him to move it.

The next time Iske encountered Boham was on July 26, while Iske was driving home from work in a vehicle that had no license plate. Just as Iske entered an entrance ramp to Interstate 80, the defendant drove his Thunderbird in front of Iske's vehicle and then proceeded up the ramp slowly. Iske had to apply the brakes of his vehicle. Once on the Interstate, Iske drove to the extreme left lane in an effort to accelerate his vehicle. There was a semi-truck in the middle lane. Boham was

in a lane to the right of the truck. When Iske accelerated around the truck, the defendant accelerated, drove around the right side of the truck, and cut off Iske before Iske could get too far in front of the truck. To avoid being struck by the defendant's vehicle, Iske was forced to apply his brakes and swerve, at least partially, off the traveled portion of the highway, so that he "was on the dirt temporarily."

When Iske was able to completely return to the traveled portion of the highway, Boham drove alongside him and shouted obscenities at Iske for some distance. Iske tried to elude Boham by pulling onto the entryway of an exit ramp, but Boham followed him. At the last minute, Iske swung back onto the Interstate. Boham also turned back onto the Interstate, followed Iske for some distance, and then drove alongside him again. Iske turned off the highway and onto Hamilton Street, where he stopped to find out what the defendant wanted. Boham told Iske that he was "screwing these union guys out of their job." The defendant asked Iske why he wanted to be a "scab." Boham warned Iske that "if he'd seen me in a personal vehicle or on my motorcycle, that he would make sure I didn't go anywhere." Iske filed a complaint against Boham.

Boham's first assignment of error claims that his hearsay objection to certain testimony of witness Keith Bement should have been sustained. Bement, a security guard who knew Boham, testified that on or about August 1, 1988, he heard Boham tell some people that the defendant had a "run in" with Iske. The objection and assignment of error have no merit. A statement of a party defendant is not hearsay. Neb. Rev. Stat. § 27-801(4)(b)(i) (Reissue 1985).

Defendant's second assignment of error claims that the trial court "erred in not dismissing the complaint due to the inaccurate and perjured affidavit of the complaining witness," Iske.

Although the defendant challenged Iske's credibility by cross-examining him in regard to a purported affidavit, parts of which Iske denied dictating, the document was never introduced in evidence. There is nothing in the record of the trial court reflecting that Boham moved to dismiss the case because of the "inaccurate and perjured affidavit of the

complaining witness." An issue not properly presented and passed upon by the trial court may not be raised on appeal. See *State v. Blair*, 230 Neb. 775, 433 N.W.2d 518 (1988). Boham's second assignment of error is meritless.

The State's cross-appeal claims that the district court erred in remanding the cause to the county court for sentencing on the lesser offense of reckless driving.

"[U]pon appeal from county court in a criminal case, the district court acts as an intermediate appellate court, rather than as a trial court. . . . [Its] review is limited to an examination of the county court record for error or abuse of discretion." *State v. Horr*, 232 Neb. 380, 382, 441 N.W.2d 139, 141-42 (1989); *State v. Sock*, 227 Neb. 646, 419 N.W.2d 525 (1988).

The distinction between reckless driving and willful reckless driving is determined by the driver's state of mind. "Any person who drives any motor vehicle in such a manner as to indicate an *indifferent or wanton disregard* for the safety of persons or property shall be deemed to be guilty of reckless driving." (Emphasis supplied.) Neb. Rev. Stat. § 39-669.01 (Reissue 1988).

"Any person who drives any motor vehicle in such a manner as to indicate a *willful disregard* for the safety of persons or property is guilty of willful reckless driving." (Emphasis supplied.) Neb. Rev. Stat. § 39-669.03 (Reissue 1988). "Willful" means intentional. NJI 14.10. See, also, *State v. Gascoigen*, 191 Neb. 15, 213 N.W.2d 452 (1973); *State v. Schott*, 222 Neb. 456, 384 N.W.2d 620 (1986).

Boham, at the entry ramp to Interstate 80, drove in front of Iske and forced him to brake his vehicle. Once on the Interstate, Boham drove his vehicle around a truck to prevent Iske from outdistancing the truck. Boham forced Iske's vehicle to leave, at least partially, the traveled portion of the highway and put Iske "on the dirt temporarily." At the trial, there was sufficient evidence for a fact finder to conclude beyond a reasonable doubt that the motor vehicle maneuvers by Boham indicated a disregard for the safety of Iske. There was also sufficient evidence, not only from the defendant's conduct but also from his spoken words, for a fact finder to conclude beyond a reasonable doubt that Boham's disregard for Iske's safety was

intentional. Iske testified that Boham told him "if he'd seen me in a personal vehicle or on my motorcycle, that he would make sure I didn't go anywhere." The trial judge found that there was "terrible intent" on the part of Boham and that the testimony of the defendant and his witness was "preposterous." We note that there was no property damage to the vehicle Iske was driving, and he did not receive any injuries. However, for there to be willful reckless driving, it is not necessary for there to be property damage or injuries inflicted. *Goodloe v. Parratt*, 453 F. Supp. 1380 (D. Neb. 1978), *rev'd on other grounds* 605 F.2d 1041 (1979).

The trial court found beyond a reasonable doubt that the defendant was guilty of willful reckless driving. A finding of guilty by the trier of fact will not be overturned on appeal unless it is based on evidence so lacking in probative force that it can be said as a matter of law that the evidence is insufficient to support a guilty finding. See *State v. Costanzo*, 227 Neb. 616, 419 N.W.2d 156 (1988).

It cannot be said as a matter of law that the evidence before the Douglas County Court was so lacking in probative force that the evidence was insufficient to support the trial court's finding that Boham was guilty of willful reckless driving.

The district court judgment is vacated, and that court is ordered to affirm the Douglas County Court's conviction of Boham and the sentence it imposed upon the defendant.

REVERSED AND REMANDED WITH DIRECTIONS.