STATE OF NEBRASKA, APPELLEE, V. RICHARD FOLEY, APPELLANT.
450 N.W.2d 694

Filed January 26, 1990.   No. 89-429.

Robert C. Wester, Assistant Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Kenneth W. Payne for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

Contending the district court for Sarpy County erred in admitting a recorded conversation of his participation in an

unlawful drug transaction, Richard Foley appeals his conviction for delivering cocaine in violation of Neb. Rev. Stat. § 28-416 (1)(a) (Cum. Supp. 1988). Foley was sentenced to not less than 1 nor more than 3 years' imprisonment. We affirm.

At trial, Foley objected to the admission in evidence of the tape recording on the grounds that the probative value of the evidence was substantially outweighed by the prejudice to him. Foley complained that somewhere in the conversation there "may be a word that they [the jury] could construe out of that that would be prejudicial taken into context."

Apparently, the defendant's objection was based on Neb. Rev. Stat. § 27-403 (Reissue 1989), which states: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

On December 3, 1988, after conferring with Joseph Jeanette, an officer of the Bellevue Police Department, Michael Merrick was wired with a microphone and a voice transmitter in anticipation that the defendant would sell Merrick a gram of cocaine. Law enforcement officials recorded the serial numbers of five $20 bills and gave them to Merrick to use in the purchase of the cocaine. Merrick met Foley in Richard Brockman's trailer home in Bellevue, Nebraska, where Merrick purchased and received one-half gram of cocaine from the defendant. Although only one-half gram of cocaine, instead of a full gram, was delivered to Merrick, he gave Foley the five $20 bills provided by the Bellevue police. Foley agreed to obtain another one-half gram of cocaine and deliver it to Merrick. Jeanette monitored and recorded the drug transaction as it was broadcast from the transmitter Merrick was wearing.

After Foley left the trailer home to procure the second one-half gram of cocaine, he was stopped and searched by the Bellevue police. Three of the $20 bills which police had given to Merrick to purchase cocaine were found on the defendant. Foley was released, but was later arrested and charged with delivering cocaine, a Class II felony. A Class II felony carries a penalty of not less than 1 nor more than 50 years'

imprisonment. Neb. Rev. Stat. § 28-105 (Reissue 1985).

Before the tape was received into evidence at the trial over Foley's objection, the prosecution established through Officer Jeanette's testimony the time, place, and manner in which the tape was made and established that the tape contained a conversation between the defendant and Merrick concerning the delivery of a controlled substance in Brockman's trailer home on December 3, 1988.

The tape corroborates Merrick's testimony that the defendant sold and delivered to him one-half gram of cocaine, that Foley agreed to obtain another one-half gram of cocaine for Merrick, and that Merrick gave Foley $100 for a full gram of cocaine. The tape also corroborates the testimony of Brockman that he witnessed the drug transaction between Merrick and the defendant. Clearly, the tape of the drug transaction was relevant. Its probative value outweighed any danger of unfair prejudice.

It is within the trial court's discretion to admit or exclude evidence, and such rulings will be upheld on appeal absent an abuse of discretion. *State v. Thomas*, 232 Neb. 490, 441 N.W.2d 186 (1989); *State v. Wakeman*, 231 Neb. 66, 434 N.W.2d 549 (1989). We cannot say that the trial court abused its discretion in admitting into evidence the tape recording of the drug transaction between Merrick and the defendant.

In his brief and at oral argument, defendant exceeds the scope of his assigned error and argues that the admission of the recorded conversation lacked sufficient foundation to show that the declarations in the recording were in fact made by Foley. At trial, the defendant did not object to the admission of the recorded conversation on this foundational ground. An issue not properly presented and passed upon by the trial court may not be raised on appeal. *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989).

The evidence is overwhelming that Foley sold and delivered cocaine to Merrick in Sarpy County, Nebraska. His appeal has no merit.

AFFIRMED.