STATE OF NEBRASKA, APPELLEE, V. MICHAEL DOUGLASS,
APPELLANT.
479 N.W.2d 457

Filed January 31, 1992.   No. 90-1044.

O. William VonSeggern for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for
appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Following a bench trial in county court, defendant was
convicted of willful reckless driving, a violation of Neb. Rev.
Stat. § 39-669.03 (Reissue 1988). This conviction was affirmed
following an appeal to the district court. Defendant appeals

here, claiming the conviction was contrary to the law and the facts, since the State failed to prove that the defendant demonstrated a willful disregard for the safety of persons or property. We reverse and dismiss.

Police officer Tim Meguire, on April 20, 1990, at approximately 1:15 a.m., observed a red Jeep being driven by the defendant westbound on Faidley Avenue in the city of Grand Island. The officer clocked the vehicle on his radar unit as it passed him and noticed that the reading on the radar was 44 miles per hour. However, the officer was unable to get the Jeep's speed locked in until the Jeep had slowed to 36 miles per hour. This was in a 25-mile-per-hour zone. While the officer attempted to catch up to the vehicle, he noticed it drive into the parking lane, occasionally very closely approaching the curb, and then drift back into the driving lane. There was no evidence of any automobiles' being parked in this area or of the presence of any other traffic.

After having stopped the defendant, the officer noticed an odor about the defendant, but testimony as to the nature of the odor was not received into evidence.

Defendant pleaded guilty to a charge of speeding and was found guilty of willful reckless driving after pleading not guilty.

" '[U]pon appeal from county court in a criminal case, the district court acts as an intermediate appellate court, rather than as a trial court. . . . [Its] review is limited to an examination of the county court record for error or abuse of discretion.' " *State v. Boham*, 233 Neb. 679, 683, 447 N.W.2d 485, 488 (1989).

Factual findings of a judge who serves as the trier of fact in a criminal case will not be disturbed on appeal unless clearly wrong. *State v. Lowry, ante* p. 343, 476 N.W.2d 540 (1991).

Neither this court nor the district court when acting as an appellate court will interfere with a conviction based on evidence unless the evidence is so lacking in probative force that as a matter of law it can be said that it is insufficient to support a verdict of guilty beyond a reasonable doubt. See *State v. Cook*, 212 Neb. 718, 325 N.W.2d 159 (1982).

"Any person who drives any motor vehicle in such a manner as to indicate a willful disregard for the safety of persons or

property is guilty of willful reckless driving." § 39-669.03. Willful means intentional. *State v. Boham, supra*. Recklessness is the disregard for or indifference to the safety of another or for the consequences of one's act. *State v. Green*, 238 Neb. 475, 471 N.W.2d 402 (1991). Willful reckless driving is characterized by a deliberate disregard for the safety of others or their property. *State v. Green*, 182 Neb. 615, 156 N.W.2d 724 (1968). For there to be willful reckless driving, it is not necessary that there be property damage or injury inflicted. *State v. Boham, supra*.

The question for this court to answer is whether the evidence adduced was so lacking in probative force that as a matter of law it can be said that it is insufficient to support a judgment of guilty beyond a reasonable doubt. *State v. Cook, supra*.

This court has addressed the sufficiency of evidence necessary for a conviction of willful reckless driving in at least four cases.

In *State v. Boham, supra*, defendant's motor vehicle maneuvers forced another driver first to brake his vehicle and then to be temporarily pushed onto the dirt outside the traveled portion of the highway. In addition, the defendant also prevented the other driver from passing a truck. This court held that there was sufficient evidence to support a conclusion beyond a reasonable doubt that the defendant's actions indicated an intentional disregard for the safety of the other driver.

In *State v. Cook, supra*, the defendant, who was in the process of obtaining a dissolution of her marriage, drove her automobile across the road and struck her husband's vehicle coming from the opposite direction. Immediately after the impact she told her estranged spouse that she would run into him " 'again and again.' " *Id*. at 719, 325 N.W.2d at 160. This court held the evidence was not insufficient to support a verdict of guilty beyond a reasonable doubt of willful reckless driving.

Although this court stated in *State v. DiLorenzo*, 181 Neb. 59, 146 N.W.2d 791 (1966), that speed alone does not amount to recklessness in the operation of an automobile, it did hold there was sufficient evidence to sustain a conviction of willful reckless driving where the defendant drove at speeds of 95 to

100 miles per hour on a heavily traveled public highway. The court stated that the test is "whether the particular speed is dangerous under the surroundings and attendant circumstances of the particular case." *Id*. at 63, 146 N.W.2d at 794.

Finally, in *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966), a police officer activated his red lights and started in pursuit of a defendant who had been observed driving without taillights. The pursuit took place mainly on gravel roads with houses and farms on both sides and at speeds of 85 to 90 miles per hour. During the chase, the defendant ran six stop signs. This court held that the evidence was sufficient to sustain a conviction of willful reckless driving.

The element that the previously cited cases have in common and that is lacking in this case is the *intentional* or *deliberate* disregard for the safety or property of others. There was no evidence of the presence of any persons or property subjected to any danger in the area. Furthermore, the defendant was driving but 36 miles per hour, compared to speeds of from 85 to 100 miles per hour in *DiLorenzo* and *Eberhardt*.

*Boham* and *Cook* are perfect examples of intentional disregard for the safety of others or their property; in one instance the defendant purposely tried to endanger another driver by attempting to cut him off several times, and in the other instance the defendant deliberately endangered her husband by running into his car.

The evidence in this case was insufficient as a matter of law to prove willful reckless driving by the defendant, and the findings by the lower courts to the contrary were clearly wrong. The judgment of the district court is reversed, and the cause is ordered dismissed.

REVERSED AND DISMISSED.

GRANT, J., participating on briefs.