Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/25/2017 09:11 AM CDT

State of Nebraska, appellee, v.
Josiah L. Scherbarth, appellant.

___ N.W.2d ___

Filed July 18, 2017.    No. A-16-683.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
2. **Courts: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record.
3. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.
4. **Appeal and Error.** An appellate court independently reviews questions of law in appeals from the county court.
5. **Criminal Law: Courts: Appeal and Error.** When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court.
6. **Jury Instructions: Appeal and Error.** Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the trial court.
7. **Lesser-Included Offenses.** Whether a crime is a lesser-included offense is determined by a statutory elements approach and is a question of law.
8. **Courts: Appeal and Error.** Despite a failure to file a particular statement of error in the district court, a higher appellate court may still consider the errors actually considered by the district court.

9. **Jury Instructions: Pleadings: Evidence.** Whether requested to do so or not, a trial court has the duty to instruct the jury on issues presented by the pleadings and the evidence.

10. **Lesser-Included Offenses: Jury Instructions: Evidence.** A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense.

11. **Jury Instructions: Proof: Appeal and Error.** To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction.

12. **Criminal Law: Motor Vehicles: Intent.** It is clear that one cannot commit the greater offense of willful reckless driving without simultaneously committing the lesser offense of reckless driving.

13. ____: ____: ____. Distinction between reckless driving and willful reckless driving is determined by the driver's state of mind.

14. ____: ____: ____. Indifferent or wanton disregard for the safety of others or their property is the fundamental characteristic of reckless driving. Willful reckless driving is characterized by a deliberate, as distinguished from an indifferent, disregard for the safety of others or their property.

15. ____: ____: ____. A scenario where a motorist drove in willful disregard while not also driving with an indifferent or wanton disregard for the safety of others is not plausible.

16. **Evidence: New Trial: Double Jeopardy: Appeal and Error.** If evidence is not sufficient to sustain a verdict after an appellate court finds reversible error, then double jeopardy forbids a remand for a new trial.

17. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Sheridan County, Travis P. O'Gorman, Judge, on appeal thereto from the County Court for Sheridan County, Russell W. Harford, Judge. Judgment of District Court reversed, and cause remanded for further proceedings.

Bell Island, of Island & Huff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and INBODY and RIEDMANN, Judges.

MOORE, Chief Judge.

## INTRODUCTION

Josiah L. Scherbarth appeals an order of the district court for Sheridan County affirming his conviction in the county court for willful reckless driving. On appeal, Scherbarth argues that the county court erred in failing to instruct the jury on the lesser-included offense of reckless driving, in determining no prosecutorial misconduct occurred during trial, and in finding sufficient evidence to support the conviction. For the reasons set forth below, we reverse the order of the district court and remand the cause for further proceedings.

## FACTUAL BACKGROUND

On March 20, 2015, Trooper Kyle Kuebler of the Nebraska State Patrol was on duty patrolling Highway 20 in Sheridan County, Nebraska. The road in question is a two-lane stretch of highway. Around 5 or 5:30 p.m., as Kuebler was driving east, he spotted a Chevy Silverado truck as it was traveling westward. The truck was traveling 70 m.p.h. in a 65-m.p.h. zone, as clocked by Kuebler's radar. Kuebler observed the truck move onto the shoulder of the highway and pass two vehicles on the right side. The driver's side tires remained on the pavement; however, the passenger's side tires were off the road. The two vehicles passed by the truck were a "truck tractor, semitrailer combination" and a pickup truck. The shoulder was approximately 12 feet wide and the highway was straight at this location. The weather conditions were clear and sunny at the time of the incident. Kuebler was able to see about half a mile down the road.

Kuebler testified that the amount of dirt being thrown up behind the Chevy truck was what most caught his attention. Kuebler watched the truck as it passed. Kuebler did not observe the other vehicles slowing down, moving over, or otherwise reacting as the truck drove past. Kuebler turned his patrol cruiser around and initiated a traffic stop of the truck. Kuebler approached the truck and made contact with the driver, who was identified as Scherbarth. A patrol cruiser video recording of the incident and interaction between Kuebler and Scherbarth shows Kuebler asking Scherbarth a variety of questions, such as "[w]hat were you doing back there?" and "you think that's a good idea to pass two people on the shoulder?" Scherbarth responded that he was "just horsing around"; admitted it was not a good idea and he should have waited; and stated it was "completely stupid," he could have caused an accident, and he knew he should not have done it.

## PROCEDURAL BACKGROUND

On March 25, 2015, the State filed a complaint in the county court for Sheridan County, charging Scherbarth with willful reckless driving, first offense, in violation of Neb. Rev. Stat. § 60-6,214 (Reissue 2010), a Class III misdemeanor pursuant to Neb. Rev. Stat. § 60-6,216 (Reissue 2010).

On October 20, 2015, trial was held before the county court. Kuebler was the only witness to testify, and his testimony was as set forth above. The State also offered into evidence the video recording of the incident and interaction between Kuebler and Scherbarth. Following the completion of testimony, Scherbarth made a motion for directed verdict, arguing the evidence was insufficient as to willful reckless driving. The court overruled this motion.

A jury instruction conference was subsequently held. Scherbarth requested that the court instruct the jury on the lesser-included offense of reckless driving. The court denied this request based on its belief that reckless driving is not a lesser-included offense of willful reckless driving.

In the midst of and following closing arguments, Scherbarth twice moved for a mistrial based upon various comments made by the prosecution during trial. During opening statements, the prosecutor said, "[Y]ou're not going to hear from [Kuebler] any statements made by [Scherbarth] in regard to any reason why he might have decided to pass on the road that was legitimate, right? That's not going to happen." During closing arguments, the prosecutor stated, "[Y]ou'll understand that there has been no evidence shown by the defense — or I should say any evidence the State brought forth today, there's no reasonable doubt presented by the defense." The prosecutor further stated, "[Scherbarth] never provided any excuse or reason which would exonerate him from intentionally doing the act of driving around on and off the shoulder, around these two vehicles at 70-plus miles per hour. And you heard [Kuebler] testify to that, clearly." Finally, the prosecutor stated, "I don't know much about defense counsel's charade here, what he is trying to tell us here." Scherbarth's counsel immediately objected to this latter comment as improper. The court overruled this objection, but instructed the prosecutor to "keep it to the facts." The court overruled both motions for mistrial.

The jury returned a verdict of guilty on the charge of willful reckless driving. The court imposed a $500 fine upon Scherbarth, and his license was revoked for 30 days.

Scherbarth appealed to the district court, and in his initial assignments of error, he asserted that (1) the evidence was insufficient to support his conviction and (2) the county court erred in failing to grant a mistrial based on the prosecutor's alleged misconduct. Several months later, Scherbarth filed an amended assignments of error, which included an additional assertion that the county court erred in failing to instruct the jury on the lesser-included offense of reckless driving.

On June 22, 2016, the district court entered an order affirming the conviction. The court first addressed whether Scherbarth's additional assigned error was properly before it.

The court found that there was no provision in the rules which allows a party to "'Amend'" assignments of error and that Neb. Ct. R. § 6-1452(A)(7) (rev. 2011) (appeals from county court to district court; statement of errors) required Scherbarth to file his assignments of error within 10 days of the filing of the bill of exceptions. The rule further provides that review is limited to the errors assigned and discussed, but the court may exercise discretion and notice a plain error not assigned. Because the amended assignments of error were filed nearly 4 months after the initial assignments of error were filed, the district court determined that the amended assignments of error should not be allowed.

Notwithstanding this holding, the district court proceeded to consider the additional assigned error, recognizing a trial court's duty to properly instruct the jury regardless of whether the court is requested to do so. The court agreed that reckless driving is a lesser-included offense of willful reckless driving and that the county court erred in failing to give this instruction. However, the district court went on to find that the failure to give this instruction was not prejudicial. The court otherwise sustained the findings of the county court, holding that sufficient evidence supported Scherbarth's conviction and that the court did not err in refusing to grant a mistrial based on alleged prosecutorial misconduct.

Scherbarth subsequently perfected this appeal.

## ASSIGNMENTS OF ERROR

Scherbarth assigns, restated: (1) The county court erred in failing to instruct the jury on the lesser-included offense of reckless driving, and the district court erred in determining this amounted to harmless error; (2) the county court erred in determining there was no prosecutorial misconduct through commenting on Scherbarth's failure to present evidence and implying defense counsel was dishonest; and (3) the district court erred in determining there was sufficient evidence to support a conviction.

## STANDARD OF REVIEW

[1-5] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Avey*, 288 Neb. 233, 846 N.W.2d 662 (2014). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id*. But an appellate court independently reviews questions of law in appeals from the county court. *Id*. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court. *Id*.

[6,7] Whether jury instructions are correct is a question of law, which an appellate court resolves independently of the trial court. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015). See *State v. Loyuk*, 289 Neb. 967, 857 N.W.2d 833 (2015). See, also, *State v. Edwards*, 286 Neb. 404, 837 N.W.2d 81 (2013). Whether a crime is a lesser-included offense is determined by a statutory elements approach and is a question of law. *State v. Erickson*, 281 Neb. 31, 793 N.W.2d 155 (2011).

## ANALYSIS

Scherbarth asserts that the county court erred in denying his request for a jury instruction on the lesser-included offense of reckless driving and that the district court erred in finding this denial to be harmless error.

[8,9] Before addressing the merits of this argument, we consider the State's contention that this error is not preserved for appellate review due to Scherbarth's failure to properly include it in a timely statement of errors. We acknowledge that the late amendment of Scherbarth's assignments of error,

to include failure to instruct on a lesser-included offense, may have run afoul of court rules. See § 6-1452(A)(7). However, despite a failure to file a particular statement of error in the district court, a higher appellate court may still consider the errors actually considered by the district court. See *First Nat. Bank of Omaha v. Eldridge*, 17 Neb. App. 12, 756 N.W.2d 167 (2008). The district court considered the merits of the additional assigned error, recognizing a trial court's duty to properly instruct the jury. See *State v. Weaver*, 267 Neb. 826, 677 N.W.2d 502 (2004) (whether requested to do so or not, trial court has duty to instruct jury on issues presented by pleadings and evidence). The district court chose to review this assigned error, which we will likewise now address.

[10] A court must instruct on a lesser-included offense if (1) the elements of the lesser offense for which an instruction is requested are such that one cannot commit the greater offense without simultaneously committing the lesser offense and (2) the evidence produces a rational basis for acquitting the defendant of the greater offense and convicting the defendant of the lesser offense. *State v. Erickson, supra*.

[11] To establish reversible error from a court's refusal to give a requested instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction is warranted by the evidence, and (3) the appellant was prejudiced by the court's refusal to give the tendered instruction. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

[12-15] It is clear that one cannot commit the greater offense of willful reckless driving without simultaneously committing the lesser offense of reckless driving. Neb. Rev. Stat. § 60-6,213 (Reissue 2010) establishes that "[a]ny person who drives any motor vehicle in such a manner as to indicate an *indifferent or wanton disregard* for the safety of persons or property shall be guilty of *reckless driving*." (Emphasis supplied.) Section 60-6,214 sets forth that "[a]ny person who drives any motor vehicle in such a manner as to indicate a

*willful disregard* for the safety of persons or property shall be guilty of *willful reckless driving*." (Emphasis supplied.) The only distinction between these offenses is intent. See *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989) (distinction between reckless driving and willful reckless driving is determined by driver's state of mind). See, also, *State v. Green*, 182 Neb. 615, 156 N.W.2d 724 (1968) (indifferent or wanton disregard for safety of others or their property is fundamental characteristic of reckless driving; willful reckless driving is characterized by deliberate, as distinguished from indifferent, disregard for safety of others or their property). A scenario where a motorist drove in "willful disregard" while not also driving with an "indifferent or wanton disregard" for the safety of others is not plausible.

Although the district court found the first prong of the requirement to instruct on a lesser-included offense (the elements test) to be satisfied, it did not specifically address the second prong of the requirement: whether there also existed evidence producing a rational basis for acquitting Scherbarth of willful reckless driving and convicting him of reckless driving. Nevertheless, the district court found it was error not to give the lesser-included instruction, thereby implicitly finding that the second prong was satisfied. We agree. The record contains evidence providing a rational basis for acquitting Scherbarth of willful reckless driving and convicting him of reckless driving. In other words, the actions of Scherbarth could be construed by the fact finder to be an indifferent or wanton disregard, as opposed to an intentional disregard, for the safety of persons or property.

Despite having found that it was error to not give the lesser-included offense instruction, the district court determined that Scherbarth was not prejudiced by the failure to instruct on the lesser-included offense of reckless driving. In reaching this conclusion, the district court stated that the failure to instruct on the lesser-included offense

was not prejudicial to [Scherbarth] because the jury rejected the evidence that would have supported a finding that only the lesser included offense was committed. The jury found [Scherbarth] guilty of willful reckless driving, thus rejecting the contention that he acted only with an "indifferent or wanton disregard." In view of the actual verdict returned by the jury, there is no reasonable and plausible basis for finding that the instructional error affected the jury's verdict.

We disagree with the district court's determination that Scherbarth was not prejudiced by failure to instruct the jury on the lesser-included offense of reckless driving. The harm in failing to give the lesser-included instruction in this case is that the jury was not presented with an option of finding that the evidence supported a conviction for reckless driving as opposed to willful reckless driving. The jury could not have "rejected" finding that Scherbarth acted with "'indifferent or wanton'" disregard, as stated by the district court, because it was not provided with that option in the instructions. Rather, the jury was only given the option of finding Scherbarth guilty of the greater offense of willful reckless driving or not guilty of any crime. Had the jury been given the option of the lesser-included offense, it could have concluded that Scherbarth's actions were reckless, but were only indifferent or wanton as opposed to intentional.

A review of Nebraska case law demonstrates that incidents of willful reckless driving commonly involve some combination of a high level of speeding that is particularly dangerous based on the circumstances, such as speeding on a heavily populated roadway; fleeing arrest; hitting other vehicles or property (or the threat of this occurring); road rage; driving through stop signs and red lights; or other forms of particularly erratic driving. See, *State v. Hill*, 254 Neb. 460, 577 N.W.2d 259 (1998); *State v. Boham*, 233 Neb. 679, 447 N.W.2d 485 (1989); *State v. Cook*, 212 Neb. 718, 325 N.W.2d 159 (1982); *State v. DiLorenzo*, 181 Neb. 59, 146 N.W.2d

791 (1966); *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966).

On the other hand, reckless driving cases often involve less extreme actions, such as moderate speeding, erratic lane changes, and other forms of irresponsible driving. See, *State v. Brown*, 258 Neb. 330, 603 N.W.2d 419 (1999); *State v. Douglass*, 239 Neb. 891, 479 N.W.2d 457 (1992); *State v. Green*, 238 Neb. 475, 471 N.W.2d 402 (1991).

The present case involved moderate speeding and passing vehicles on the shoulder, arguably placing persons and property at risk of harm. However, the facts could be construed to show either indifference on the part of Scherbarth or an intentional and deliberate disregard for the safety of others or property on the part of Scherbarth. Under Nebraska jurisprudence and the facts of this case, we cannot say that the jury could not have found that Scherbarth's acts lacked intent. See, e.g., *State v. Howard*, 5 Neb. App. 596, 560 N.W.2d 516 (1997) (error to not give instruction on lesser-included offense of careless driving along with instruction on reckless driving). Based on the evidence in this case, a jury instruction on reckless driving was warranted and Scherbarth was prejudiced by the failure to give the instruction as a lesser-included offense of willful reckless driving.

[16] We reverse the order of the district court, and we remand the cause with directions to the district court to reverse the order of the county court and remand the matter to the county court for further proceedings. A new trial is not precluded by double jeopardy because sufficient evidence existed upon which to convict Scherbarth of either offense. See *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015) (if evidence is not sufficient to sustain verdict after appellate court finds reversible error, then double jeopardy forbids remand for new trial).

[17] Because we are reversing the judgment and remanding the cause for further proceedings, we need not address Scherbarth's prosecutorial misconduct and sufficiency of the

evidence arguments. See *Flores v. Flores-Guerrero*, 290 Neb. 248, 859 N.W.2d 578 (2015) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it).

## CONCLUSION

Upon our review, we find the district court sitting as an intermediate appellate court erred in finding Scherbarth was not prejudiced by the failure to provide an instruction on the lesser-included offense of reckless driving. The district court's order is reversed, and the cause is remanded to the district court with directions to reverse the order of the county court and to remand the matter to the county court for further proceedings.

Reversed and remanded for further proceedings.