IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. KING


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

DEVONTE KING, APPELLANT.


Filed August 2, 2022.    No. A-21-872.


Appeal from the District Court for Hamilton County, RACHEL A. DAUGHERTY, Judge, on appeal thereto from the County Court for Hamilton County, LYNELLE D. HOMOLKA, Judge. Judgment of District Court affirmed.

Devonte King, pro se.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.


PIRTLE, Chief Judge, and BISHOP and ARTERBURN, Judges.

BISHOP, Judge.

## INTRODUCTION

Devonte King appeals from the order of the Hamilton County District Court affirming King's convictions and sentences in the county court which arose from King driving without a driver's license, vehicle registration, or proof of insurance. King contends that his constitutional rights were violated in the course of his arrest and conviction since he claims he is not subject to Nebraska statutes regarding the operation of a motor vehicle on state highways. We affirm.

## BACKGROUND

On June 15, 2021, Nebraska State Patrol Trooper Grant Moody was patrolling Interstate 80 within Hamilton County, Nebraska. Trooper Moody observed a "red Toyota Corolla" traveling westbound on Interstate 80. The vehicle did not have visible front or rear license plates, and

- 1-

Trooper Moody thereafter initiated a traffic stop. He identified the driver of the vehicle as King. A female adult and two children were passengers in the vehicle. Upon request by Trooper Moody, King failed to provide a driver's license, vehicle registration, and proof of insurance. King told the trooper that his vehicle was "private property" and he "didn't need to provide such documents." King further did not initially provide proof of ownership; however, he subsequently produced a document containing the vehicle identification number for his vehicle and proof of his ownership. King's vehicle had three bumper stickers, including one sticker that read, "Private Property. No Trespassing." Trooper Moody issued citations to King for operating a vehicle without a license, registration, and proof of financial responsibility.

On June 28, 2021, the State filed a complaint in the county court for Hamilton County charging King with: count I, operating a vehicle without proof of financial responsibility, a Class II misdemeanor, in violation of Neb. Rev. Stat. § 60-3,167 (Reissue 2021); count II, operating a vehicle without valid registration, a Class III misdemeanor, in violation of Neb. Rev. Stat. § 60-362 (Reissue 2021); and count III, operating a vehicle without a license, a Class III misdemeanor, in violation of Neb. Rev. Stat. § 60-484 (Reissue 2021).

A bench trial was held on August 10, 2021. King appeared pro se. Evidence was adduced, including testimony by Trooper Moody and King. King argued that he was not subject to the statutes of Nebraska because such regulation only applies to "motor vehicles on the highways used for commercial purposes," and he did not "use [his] property for commercial purposes on the highways." He asserted that the State, through Trooper Moody, violated his constitutional rights under the Fourth and Fifth Amendments to the U.S. Constitution.

The county court found that the "evidence today is basically uncontroverted that Mr. King was . . . operating a motor vehicle . . . on a public highway of [Nebraska] and did not, at the time, have a driver's license, proof of registration, or proof of financial responsibility or insurance on the vehicle that he admitted to owning." The county court, relying on *Hendrick v. Maryland*, 235 U.S. 610, 35 S. Ct. 140, 59 L. Ed. 385 (1915), and *Peterson v. Department of Public Works*, 120 Neb. 517, 234 N.W. 95 (1931), concluded that "users of public highways are subject to state regulation to ensure the safety and convenience and conservation of the public highways." Consequently, the court found King guilty on all three counts.

The county court thereafter sentenced King and ordered him to pay a fine of $150 on count I, a fine of $25 on count II, and a fine of $75 on count III. The court further ordered King to pay the court costs of $50, for a total of $300, and gave King 60 days to pay the total.

King appealed the judgment and sentences to the district court, but he failed to file a statement of errors. A hearing was held on October 7, 2021. King again argued that the relevant Nebraska statutes did not apply to him and that his rights were violated. The district court took the matter under advisement.

The district court entered an order on October 12, 2021, affirming the judgment and sentences of the county court. The district court observed that King failed to file a statement of errors, but it nevertheless "attempt[ed] to summarize" the arguments raised by King at the October 7 hearing. The court determined that "[f]irst, [King] argued that the State failed to adduce sufficient evidence. Second, [King] argued that the laws pertaining to residents did not apply to him as he is not a resident and finally that he had a right not to contract with the Department of Motor Vehicles." The court found that the evidence was sufficient to convict King based on Trooper

Moody's undisputed testimony regarding King's failure to provide required documentation for his vehicle. The court, also relying on *Peterson v. Department of Public Works*, *supra*, further found that the "State has a right to regulate the usage of its public highways, including the defendant." The court affirmed the judgment by the county court "in all respects."

King appeals.

## ASSIGNMENTS OF ERROR

King, pro se, raises allegations that his constitutional rights were violated and that the Nebraska statutes regulating the use of a motor vehicle do not apply to him. We note that King's brief does not comply with appellate court rules. King's brief does not include several sections as mandated by Neb. Ct. R. § 2-109(D) (rev. 2021), such as a statement of the basis of jurisdiction of the appellate court, a separate assignments of error section, or a separate argument section. Rather, his brief consists of numbered citations to various United States Supreme Court cases, the U.S. Constitution, and the Nebraska Constitution, alongside several brief assertions that his constitutional rights were violated in this matter. Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review, or declining to conduct any review at all. *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021), *disapproved on other grounds, Clark v. Sargent Irr. Dist.*, 311 Neb. 123, 971 N.W.2d 298 (2022). In following the rules promulgated by the Nebraska Supreme Court, pro se litigants are held to the same standards as a litigant represented by counsel. See *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015). Due to King's failure to comply with the format requirements for an appellate brief, we proceed to review the record for plain error.

In our plain error review, we consider the fact that, despite King's failure to file a statement of errors with the district court, that court nevertheless proceeded to consider that King "argue[d] several points during the appeal hearing" which the court "attempt[ed] to summarize" in its October 12, 2021, order. The district court thereafter restricted its review to two issues: (1) whether "the laws pertaining to residents did not apply to [King]" and "he had a right not to contract with the Department of Motor Vehicles"; and (2) whether "the State failed to adduce sufficient evidence." We limit our plain error review to these two issues. See *State v. Scherbarth*, 24 Neb. App. 897, 900 N.W.2d 213 (2017) (despite appellant's failure to file statement of errors in district court, higher appellate court may still consider errors actually considered by district court).

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Collins*, 307 Neb. 581, 950 N.W.2d 89 (2020). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* When deciding appeals from criminal convictions in county court, we apply the same standards of review that we apply to decide appeals from criminal convictions in district court. *Id.*

Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. *State v. Pauly*, 311 Neb. 418, 972 N.W.2d 907 (2022).

ANALYSIS

King alleges that Nebraska law regulating the operation of a motor vehicle on its public highways is not applicable to him, as he was not "engaged in commercial activity." Brief for appellant at 4. Citing to *Shapiro v. Thompson*, 394 U.S. 618, 89 S. Ct. 1322, 22 L. Ed. 2d 600 (1969), *disapproved on other grounds, Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974), and *Murdock v. Pennsylvania*, 319 U.S. 105, 63 S. Ct. 870, 87 L. Ed. 1292 (1943), King claims that the state cannot "constitutionally deny [his] right to use the interstate-highway unless there is iron clad proof [he] was engaged in commercial activity" and that the state may not "impose a charge for the enjoyment of a right granted by the federal constitution." Brief for appellant at 4. He further argues that he has been deprived of his "Right to enjoyment of Life and Liberty." *Id.* at 5.

Contrary to King's assertions, the United States Supreme Court has upheld state statutory schemes requiring individuals to obtain licenses and register their vehicles before legally being able to use their vehicles on state highways. See *Hendrick v. Maryland, supra* (in absence of national legislation, state may rightfully prescribe uniform regulations necessary for public safety and order in respect to operation upon its highways of all motor vehicles--those moving in interstate commerce as well as others; such regulations may include requiring registration of such vehicles and licensing of their drivers). The Nebraska Supreme Court has similarly upheld the applicability of licensing and registration requirements pursuant to Nebraska statutes. See, e.g., *State v. Meints*, 223 Neb. 199, 388 N.W.2d 813 (1986) (contention that driving of motor vehicle is activity which is not subject to regulation by requiring that driver be licensed is without merit); *Peterson v. Department of Public Works*, 120 Neb. 517, 234 N.W. 95 (1931) (state may exact compensation in form of licensing and registration fees for use of public highways by motor vehicle).

Moreover, to the extent King claims that Nebraska's statutory scheme imposes an impermissible charge on the exercise of his constitutional rights, the Nebraska Supreme Court has observed that such statutes do not "directly interfere[] with the rights of citizens of the United States to pass through the state." *Peterson v. Department of Public Works*, 120 Neb. at 522, 234 N.W. at 97. Rather, the statutes "attempt[] to regulate the operation of dangerous machines [in the form of motor vehicles] on the highways, and to charge for the use of valuable facilities." *Id.* It thus follows that Nebraska's licensing and registration requirements do not charge King to exercise his constitutional right to interstate travel; rather, the statutes charge King for the operation of a motor vehicle on public highways. See *id.* In light of this precedent, King's argument that he is not subject to Nebraska's licensing and registration requirements fails.

We further conclude that King's convictions did not constitute plain error. King does not dispute that he failed to provide a driver's license, vehicle registration, and proof of insurance to Trooper Moody, nor does he dispute that he was operating a motor vehicle without such required documentation. Accordingly, the evidence was sufficient to convict him of all counts.

## CONCLUSION

For the reasons set forth above, we affirm the order of the district court affirming the county court's judgment and sentences.

AFFIRMED.