IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. BREHM

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

GARRETT R. BREHM, APPELLANT.

Filed June 30, 2015.    No. A-14-788.

Appeal from the District Court for Lancaster County, JOHN A. COLBORN, Judge, on appeal thereto from the County Court for Lancaster County, LAURIE YARDLEY, Judge. Judgment of District Court affirmed.

Heidi M. Hayes, of Morrow, Poppe, Watermeier & Lonowski, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Garrett Brehm was convicted of one count of driving under the influence, (DUI), first offense by the County Court for Lancaster County. His conviction was affirmed by the District Court for Lancaster County. Finding no error, we affirm the decision of the district court.

### BACKGROUND

On August 5, 2013, Trooper Mark White was sitting in his patrol car at mile marker 397 on Interstate 80. The lights in his car were off, and he was watching westbound traffic. At about 2:11 a.m., White saw a white Mercedes pass and White noticed "that there was no license plate on the front of the vehicle." White believed this was a traffic violation, drove after the Mercedes, and

initiated a traffic stop. White made contact with the driver, later identified as Brehm, and explained the reason for the stop. Brehm advised White that his front license plate was located on the front dashboard of the vehicle on the passenger side, flush against the windshield. After contacting Brehm, White smelled "an odor of alcoholic beverage inside the vehicle," and began a DUI investigation, which led to Brehm's arrest for DUI.

Brehm was charged with DUI, first offense, a Class W misdemeanor. See Neb. Rev. Stat. §§ 60-6,196 (Reissue 2010) and 60-6,197.03(1) (Supp. 2013). Brehm filed a motion to suppress on October 22, 2013, and requested a hearing to determine whether there was an articulable basis or reasonable suspicion to stop his vehicle. Brehm's motion asserted that the evidence against him should be suppressed because it was obtained during an unconstitutional traffic stop.

A hearing on Brehm's motion was held on December 16, 2013 in Lancaster county court. Brehm and White both testified at the hearing, and the court received a video of the traffic stop, copies of relevant statutes, and pictures of the car and license plate displayed within it. Brehm and White testified that the photographs were a true and accurate depiction of how the license plate was displayed on August 5, 2013. Brehm argued there was no traffic violation because the manner in which he displayed his license plate complied with the relevant statutes, and, as such, there was no probable cause for the stop.

The county court observed that the evidence showed Brehm's license plate was "placed in the front window between the dash and the windshield" and that the relevant statutory language required it to be "prominently displayed at all times on the front of the motor vehicle." The court concluded the windshield was not the front of the vehicle, and that the traffic stop was constitutional and was supported by probable cause, and therefore overruled Brehm's motion to suppress.

A stipulated bench trial was held on January 30, 2014 and the court received the exhibits entered during the hearing on the motion to suppress. The court also received additional exhibits including the parties' written trial stipulation and supporting documents. The trial stipulation contained a statement that a chemical test of Brehm's breath was performed on the night of his arrest. The result was .138 of a gram of alcohol per 210 liters of breath. Brehm renewed his objection to the constitutionality of the traffic stop. Brehm was found guilty of DUI and sentenced to 7 days in jail, a $500 fine, and a six-month license revocation.

On appeal to the district court, Brehm argued the county court erred in overruling his motion to suppress. Specifically he argued that the manner in which his license plate was displayed conformed to the statutes. The district court noted that even if the windshield was "the front of the vehicle" the license plate did not satisfy the other statutory requirements that the plate be "securely fastened," "upright," and "plainly visible." The district court determined that the county court properly overruled Brehm's motion to suppress and affirmed his conviction and sentence. Brehm timely appealed.

## ASSIGNMENTS OF ERROR

Brehm asserts the district court erred in determining his license plate was not properly displayed, in violation of Neb. Rev. Stat. § 60-399 (Reissue 2010) and § 60-3,100 (Cum. Supp. 2014). He also asserts the district court erred in finding the trooper had reasonable suspicion and

probable cause to conduct an investigatory stop of Brehm's vehicle, and in affirming the judgment and sentence imposed by the county court.

## STANDARD OF REVIEW

In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion. *State v. Avey*, 288 Neb. 233, 846 N.W.2d 662 (2014). Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.* But an appellate court independently reviews questions of law in appeals from the county court. When deciding appeals from criminal convictions in county court, an appellate court applies the same standards of review that it applies to decide appeals from criminal convictions in district court. *Id.*

## ANALYSIS

Brehm asserts the district court erred in affirming the county court's judgment because the county court incorrectly overruled his motion to suppress. He argues that he had not committed a traffic violation, therefore the officer did not have reasonable suspicion for the traffic stop. Thus, he asserts the stop which led to his arrest and conviction was unconstitutional.

Trooper White testified that he initiated a traffic stop because he noticed "there was no license plate on the front of the vehicle." Brehm asserts that, though his license plate was not affixed to the front bumper of the vehicle, the placement of the plate was in conformance with the statutes. His plate was wedged between the windshield and the dashboard of his vehicle on the passenger side. He asserts the plate was angled and flush against the windshield, as shown in Exhibit 6.

Neb. Rev. Stat. § 60-399(1) provides, that "In all cases, such license plates shall be securely fastened in an upright position to the motor vehicle or trailer so as to prevent such plates from swinging and at a minimum distance of twelve inches from the ground to the bottom of the license plate." Section 60-399(2) also states that all "letters, numbers, printing, writing, and other identification marks upon such plates and certificate shall be kept clear and distinct and free from grease, dust, or other blurring matter, so that they shall be plainly visible at all times during daylight and under artificial light in the nighttime.

Neb. Rev. Stat. § 60-3,100 provides, in relevant part, that "When two license plates are issued, one shall be prominently displayed at all times on the front and one on the rear of the registered motor vehicle or trailer."

The county court's order stated "It is this court's opinion that the windshield is not the front of the vehicle. The front of the vehicle is where the front bumper is located." In reviewing the county court's order, the district court stated that even if it were to conclude that the windshield is the "front of the vehicle," Brehm's license plate was still not properly displayed. The district court noted the license plate was not upright, but rather at an angle, and therefore was not plainly visible at all times. Additionally, the license plate was not "securely fastened" to the vehicle and could be

easily moved or covered by an occupant of the vehicle to prevent it from being visible to law enforcement.

In *State v. Richardson,* 17 Neb. App. 388, 763 N.W.2d 420 (2008), this court upheld the stop of a defendant whose license plate was "tucked in" between the windshield and dashboard, in the same manner Brehm displayed his plate. We concluded that this constituted an improper display of the front license plate in violation of Neb. Rev. Stat. §§ 60-399 and 60-3100, thus the officer had probable cause to stop the vehicle. *Id.*

A traffic stop requires only that the stopping officer have specific and articulable facts sufficient to give rise to a reasonable suspicion that a person has committed or is committing a crime. *State v. Bol,* 288 Neb. 144, 846 N.W.2d 241 (2014). Reasonable suspicion entails some minimal level of objective justification for detention, something more than an inchoate and unparticularized hunch, but less than the level of suspicion required for probable cause. *State v. Au,* 285 Neb. 797, 829, N.W.2d 695 (2013). Although a traffic stop only requires reasonable suspicion, it is well established that a traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle. *State v. Rover,* 276 Neb. 173, 753 N.W.2d 333 (2008). Probable cause merely requires that the facts available to the officer would cause a reasonable cautious person to believe that the suspect has committed an offense; it does not demand any showing that this belief be correct or more likely true than false. *State v. Beal,* 21 Neb. App. 939, 846 N.W.2d 282 (2014).

In *Richardson,* the officer had been able to see the plate in the windshield, but was unable to read the letters or numbers. Here, White was not able to observe a license plate on the front of Brehm's vehicle when he drove past. White had reasonable suspicion that a traffic violation was committed, as he believed the driver had not displayed a front license plate at all, a clear violation of the statutes.

We find no error in the conclusion that the traffic stop was lawful, thus we find the district court did not err in affirming the county court's decision to overrule Brehm's motion to suppress. Therefore, we also find no error in the district court's decision to affirm the judgment and sentence of the county court.

CONCLUSION

We affirm the order of the district court.

AFFIRMED.

- 4 -